UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDY GERNHARDT and
TERRY GERNHARDT,

       Plaintiffs,                      CASE NO. 03-73917

-vs-                                    PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

WINNEBAGO INDUSTRIES,

       Defendant.
_____/

**<u>OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)</u>**

**<u>BACKGROUND:</u>**

This case involves a 1999 Winnebago "Ultimate Freedom" motor home (hereinafter "Winnebago").

On May 1, 1999, Terry and Sandy Gernhardt (collectively "Plaintiffs") purchased a new Winnebago which was manufactured and supplied by Defendant Winnebago Industries ("Defendant"). (Amended Compl. ¶ 3). Plaintiffs received Winnebago's 1999 New Vehicle Limited Warranty ("Limited Warranty") in conjunction with the purchase. The Limited Warranty provides, in pertinent part:

> The basic Warranty Period is 12 months or 15,000 miles (24,135 kilometers), on the odometer, whichever occurs first. Winnebago does not authorize any person to create for it any other obligations or liability in connection with this vehicle. ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE APPLICABLE TO THIS VEHICLE IS LIMITED IN

1

DURATION TO THE DURATION OF THIS WRITTEN WARRANTY AS HEREINBEFORE OR HEREINAFTER PROVIDED. THE PERFORMANCE OF REPAIRS IS THE EXCLUSIVE REMEDY UNDER THIS WRITTEN WARRANTY.

(Def.'s Mot. to Dismiss and for a More Definite Statement, Docket Entry 3, Ex. 2) (emphasis in original).

Shortly after taking possession of the Winnebago, Plaintiffs began to experience numerous problems with the vehicle, including an extraordinary number of defects in its components. (Amended Compl. ¶ 5). Plaintiffs contend that despite at least nineteen repair attempts by Defendant's authorized dealerships, the defects in materials and workmanship were not corrected. (*Id.* at ¶ 6). Plaintiffs claim that the aforementioned defects diminished the use and value of the Winnebago to Plaintiffs, ultimately causing them to sell the RV in an effort to mitigate their damages. (*Id.* at ¶ 7).

On August 13, 2003, Plaintiffs filed the present action in Oakland County Circuit Court. Due to the federal claims contained therein, on September 30, 2003, Defendant removed the action to this Court. Plaintiffs' original Complaint contained the following counts:

Count I:   Breach of Express and Implied Warranties Under Michigan's Uniform Commercial Code ("UCC"), M.C.L. §440.2314

Count II:  Revocation of Acceptance, M.C.L. §440.2608

Count III: Breach of the Obligation of Good Faith, M.C.L. §440.1203

Count IV:  Liability Under Federal Magnuson-Moss Warranty Act, 15 U.S.C. §2301

Count V:   Violation of Michigan Consumer Protection Act, M.C.L. §445.901

On October 15, 2003, Defendant filed a motion seeking to dismiss Counts I-V of the Complaint or, in the alternative, for a more definite statement of Count V. On December 30, 2003,

the Court entered an opinion and order granting in part Defendant's Motion to Dismiss. Counts I through IV were dismissed in their entirety, and all allegations of fraud were stricken from Count V.

On June 8, 2004, Defendant filed a motion seeking leave to file an Answer to the Complaint *instanter*. The Court granted this motion on July 6, 2004. On July 14, 2004, Defendant filed its Answer and raised the affirmative defenses that it did not participate in any transactions involving Plaintiffs nor any transactions subject to coverage under the MCPA.

On July 7, 2005, Defendant filed a Motion for Summary Judgment. On October 12, 2005, this Court issued an opinion and order granting in part and denying in part Defendant's motion. Most relevant for the present motion, the Court granted Plaintiffs leave to amend their Complaint to reinstate only their breach of implied warranties claims that had previously been dismissed on the basis that Plaintiffs lacked privity with Winnebago. (Order, Docket Entry 38, Oct. 12, 2005, 12). The Court declined to allow Plaintiffs to amend their Complaint to include a claim for breach of express warranty. (*Id.*).

On November 1, 2005, Plaintiffs' filed their First Amended Complaint and Reliance on Jury Demand. The Amended Complaint contains the following counts:

Count I: Breach of Implied Warranty Under Magnuson-Moss Warranty Act

Count II: Breach of UCC Implied Warranties

Count III: Violation of Michigan Consumer Protection Act (MCLA 445.901, et seq.)

Defendant filed the instant motion on November 23, 2005.

3

**ANALYSIS:**

**A.     Standard for Motion to Dismiss**

Defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion alleges that a complaint has failed to state a claim upon which relief can be granted. In evaluating such a motion, the court construes the complaint in the light most favorable to the plaintiff, accepts all factual allegations in the complaint as true, and "should not [grant the motion] unless is appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). "However, the Court need not accept as true legal conclusions or unwarranted factual inferences." *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002).

The purpose of a 12(b)(6) motion is "to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Accordingly, when reviewing a 12(b)(6) motion to dismiss, the court only examines whether the pleadings state a claim for which relief may be granted, and does not review additional evidence. *See Nieman v. NLO,* Inc., 108 F.3d 1546, 1554 (6th Cir. 1997). "As the First Circuit stated, '[w]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 534, 546 n.3 (1st Cir. 1976)).

**B.     Waiver of Statute of Limitations Defense**

Plaintiffs argue that because this case has proceeded for nearly two and a half years, and extensive discovery has been conducted, they would be prejudiced by the Court's allowing Defendant to raise the statute of limitations defense at this stage of the proceedings. Defendant counters that it did not have an opportunity to raise the defense because it filed its motion to dismiss the original Complaint in 2003, prior to the time in which the statute of limitations would have run.

The Court finds that Defendant did not waive its right to raise the statute of limitations defense. The Order of the Court granting in part and denying in part Defendant's Motion to Dismiss was entered on December 30, 2003, and stood until October 12, 2005, when the Court reconsidered the previous Order and allowed Plaintiffs to amend their Complaint.[1] While the case has proceeded to some degree since December 30, 2003, the present motion to dismiss is the first opportunity that Defendants have had to answer Plaintiffs' warranty claims since the entry of that order. Thus, Defendant has not waived the statute of limitations defense.

**C.     Statute of Limitations Application to Plaintiffs' Breach of Implied Warranties Claims**

Defendant states that Mich. Comp. Laws section 440.2725(2) applies to Plaintiffs' breach of implied warranties claims. Plaintiffs argue that because the written warranty provided here extended to the future performance of the RV, then Plaintiffs' claim accrued when the breach was or should have been discovered, as found in M.C.L. § 600.5833.

---

[1] The Court notes that since its opinion on October 12, 2005, the Sixth Circuit held that Michigan has abandoned the privity requirement for implied warranty claims, which supports this Court's Order finding the same. *Pack v. Damon Corp.*, __ F.3d __, 2006 WL 27278 (6th Cir. Jan. 5, 2006).

Mich. Comp. Laws section 440.2725(1) states that "[a]n action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued." Section 440.2725(2) goes on to state that:

> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, *except that where a warrant explicitly extends to future performance of the goods* and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

(emphasis added).

Thus, the statute makes clear that a warrant must explicitly extend to future performance in order to avoid having time accrue as of the date that delivery is accomplished. By definition, an explicit warranty cannot consist of an implied warranty; rather, the term "explicit" refers to an express warranty made by a merchant.

In *Executone Business Systems Corp. v. IPC Comm., Inc.*, 177 Mich. App. 660 (1989), cited by Plaintiffs, the Michigan Court of Appeals found that the warranty in question did not accrue until the breach was or should have been discovered, as provided in Mich. Comp. Laws section 440.2725(2). However, the court explicitly stated that the warranty in question was found in the "warranty provisions in the dealership and distributorship agreements signed by the parties in this case." *Id.* at 667. These provisions explicitly provided that the telephone communication system in question would be free "from defects for a period of one year from the date of shipment or [be] free from defects in material and workmanship; under normal use and services for a period of thirteen months from date of shipment." *Id.* at 668. Thus, the *Executone* court's holding did not involve implied warranties such as those at issue in the instant case, and does not support Plaintiffs' argument that their claim was brought in a timely manner.

6

M.C.L. section 440.2725(2) makes clear that in order for the statute of limitations to toll only when the breach was or should have been discovered, there must have been an explicit warranty. As Defendant notes, Plaintiffs' claims related to the written, express warranty have been previously dismissed and cannot form the basis for Plaintiffs' current implied warranty claims. Furthermore, Plaintiffs' claim is that they experienced problems from the time the RV was purchased. *See Imaging Fin. Servs. v. Lettergraphics/ Detroit, Inc.*, No. 97-1930, 1999 U.S. App. LEXIS 2405, at *14 (6th Cir. Feb. 9, 1999) (unpublished) (dismissing defendant's argument that the "future performance" exception to the tolling of the statute upon delivery did not apply to an implied warranty claim where "[t]here was no such explicit warranty extending into the future, and [defendant's] contention is that the [goods sold] never worked as promised."). Plaintiffs do not dispute that a breach occurred within four years of the filing of its lawsuit. Rather, they argue that the statute of limitations should extend to the date that their last cause of action accrued. However, because there is no explicit warranty in issue, the Court finds that the statute of limitations began upon delivery of the RV to Plaintiffs. Because delivery took place more than four years prior to the filing of Plaintiffs' lawsuit, Plaintiffs' implied warranty claims are not timely under the four year statute of limitations period found in M.C.L. section 440.2725(1).

Plaintiffs contend that Mich. Comp. Laws section 600.5833 supports that "[i]n actions for damages based on breach of a warranty of quality or fitness the claim accrues at the time the breach of the warranty is discovered or reasonably should be discovered." Plaintiffs cite *Lawson v. London Arts Group*, 708 F.2d 226 (6th Cir. 1983), which held that even if a breach of warranty claim was barred by Mich. Comp. Laws section 440.2725(2), the plaintiff's claim could survive under section 600.5833. However, the warrant made by the defendant was an express warranty of authenticity,

7

and not an implied warranty as alleged in Plaintiffs' Amended Complaint. In addition, the *Lawson* plaintiff brought her cause of action under Michigan's Warranty in Fine Arts Statute and not the U.C.C. Thus, the Court finds *Lawson* inapplicable to Plaintiffs' claims.

Furthermore, the Michigan Supreme Court has expressly declined to apply the method of accrual of the statute of limitations noted in M.C.L. section 600.5833 to cases covered by the U.C.C. In *Neibarger v. Universal Coops.*, 439 Mich. 512, 537-38 (1992), the Michigan Supreme Court held that where the U.C.C. provides the exclusive remedy, its four year statute of limitations must apply to a plaintiff's action. Although the court's holding centered around the fact that the transaction was commercial in nature, this finding likely resulted because of the plaintiff's insistence that the U.C.C. did not apply to its claims.

In *Parish v. B.F. Goodrich Company*, 395 Mich. 271 (1975), the Michigan Supreme Court declined to apply M.C.L. section 600.58333 to toll the U.C.C. limitations period found in section 400.2725 in holding that the plaintiffs claim was time-barred. The Supreme Court stated:

> The Court of Appeals sought to reconcile the conflict between its conclusion that § 2-725 determines where a claim for implied warranty accrues and the "long standing policy in Michigan that the statute of limitations should not expire before damage has been suffered" by reading RJA § [600.]5833 ("the claim accrues" in actions for breach of warranty of quality or fitness when the breach is discovered or reasonably should have been) as tolling, until damage is suffered, the running of the statute against the claim which, under the Court's construction of § 2-725, accrues upon tender of delivery.

*Parish*, 395 Mich. at 282 (citing *Parish v. B.F. Goodrich Co.*, 46 Mich. App. 85, 91 (1973)). The Supreme Court disagreed with this conclusion, finding:

> [The] analysis strained, unpersuasive and inconsistent with the purpose of § 2-725 to commence the running of the four-year limitational period, applicable to UCC contract of sale actions, *instanter* upon tender of delivery. RJA § [600.] 5833 is not a tolling statute; in terms it establishes, as does § 2-725, when a "claim accrues[."]

8

*Id.*

Here, Plaintiffs explicitly brought their claims under the U.C.C. and so have requested a U.C.C. remedy. Moreover, as dictated by *Parish*, Plaintiffs' claim under the U.C.C. cannot be tolled by M.C.L. section 600.5833. Accordingly, because Plaintiffs' U.C.C. claims were brought outside of the U.C.C.'s statute of limitations period, the Court grants Defendant's Motion to Dismiss Plaintiffs' implied warranties claims brought under the U.C.C.

**D.     Implied Warranty Claim under Magnuson-Moss Warranty Act**

The Magnuson-Moss Warranty Act ("MMWA") does not contain a statute of limitations. "Generally, when a federal statute does not provide a statute of limitations, a court must borrow the most analogous state limitations period." *Snyder v. Boston Whaler*, 892 F. Supp. 955, 960 (W.D. Mich. 1994) (citing *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 355 (1991). In the exceptional circumstance "when the operation of a state limitations period would frustrate the policies embraced by the federal enactment [the court looks] to federal law for a suitable period." *Lampf*, 501 U.S. at 355-56.

The Court finds that the U.C.C. statute of limitations would not offend the purpose and intent of the MMWA protections, particularly in light of Plaintiffs' decision to bring a separate implied warranty claim under the U.C.C. Therefore, because Plaintiffs' U.C.C. implied warranty claim is time-barred, Plaintiffs' MMWA claim arising out of a breach of that implied warranty also fails. *Snyder*, 892 F. Supp. at 960 (borrowing the U.C.C. statute of limitations to bar the plaintiff's MMWA claims); *see also Pidcock v. Ewing*, 371 F. Supp. 2d 870, 879 n.6 (E.D. Mich. 2005) (stating that where the plaintiffs' U.C.C. claims for express warranty were barred by the statute of limitations, the plaintiffs' MMWA claims also could not survive).

**E.        Implied Warranty Claims under Michigan Consumer Protection Act**

The Court holds that Plaintiffs' implied warranty claims under the Michigan Consumer Protection Act ("MCPA") are not time-barred. Despite Defendant's argument to the contrary, the Court could locate no case within the Sixth Circuit in which a court has held that time-barred claims under the U.C.C. or other statutory schemes implied that factually similar claims under the MCPA were also time-barred. Michigan courts have applied separate statutes of limitations to U.C.C. and MCPA claims. *See, e.g.*, *Jackson County Hog Producers v. Consumers Power Co.*, 234 Mich. App. 72, 76-77 (1999) (finding statute of limitations barred breach of warranty claims but dismissing MCPA claims on other grounds); *Taylor v. First of Am. Bank*, No. 249613, 2005 Mich. App. LEXIS 364 (Mich. App. Feb. 15, 2005) (unpublished) (finding U.C.C. warranty claims time-barred but dismissing MCPA claims separately for failure to state a claim). Therefore, the statute of limitations applicable to Plaintiffs' MCPA claims is that found in the MCPA, and not the U.C.C.

Mich. Comp. Laws section 445.911(7) states, in pertinent part, that:

> An action under this section shall not be brought more than 6 years after the occurrence of the method, act, or practice which is the subject of the action nor more than 1 year after the last payment in a transaction involving the method, act, or practice which is the subject of the action, whichever period of time ends at a later date.

Plaintiffs purchased the RV from Defendant on May 1, 1999 and filed the instant lawsuit in state court on August 13, 2003. Even viewing the facts in a light most favorable to Defendant, Plaintiffs had until at least May 1, 2007 to file their MCPA claims.

Defendant suggests that *Parsley v. Monaco Coach Corp.*, 327 F. Supp. 2d 797, 808 (W.D. Mich. 2004) and *Ducharme v. A. & S RV Center*, 321 F. Supp. 2d 843, 856 (E.D. Mich. 2004) support the proposition that because Plaintiffs' implied warranty claims are time-barred, Plaintiffs'

10

MCPA claims must also fail[2]. However, Defendant misstates the bases of the *Parsley* and *Ducharme* courts' dismissal of the plaintiffs' MCPA claims. In *Parsley*, the district court dismissed the MCPA claims on the grounds that plaintiff could not sustain a claim of implied warranty based on the merits. 327 F. Supp. 2d at 808. Likewise, in *Ducharme*, the district court dismissed plaintiff's MCPA claims because defendant was entitled to summary judgment on the underlying warranty claims. 321 F. Supp. 2d at 856. Thus, *Parsley* and *Ducharme* are inapposite to Defendant's claims because neither case involved a dispute over the proper statute of limitations.

Based upon the provisions provided in M.C.L. section 445.911(7), the Court finds that Plaintiffs' MCPA claims were filed in a timely manner and that Defendant's Motion to Dismiss their MCPA claims is denied.

**CONCLUSION**:

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART

---

[2] As indicated in footnote 1, the Sixth Circuit' opinion in *Damon v. Pack*, __ F.3d __, 2006 WL 27278 (6th Cir. Jan. 5, 2006) stated that Michigan has abandoned the privity requirement for implied warranty claims, which overrules the holdings in *Parsley* and *Ducharme*.

11

Defendant's Motion to Dismiss.

Specifically, the Court hereby dismisses Count I (Breach of Implied Warranty Under MMWA) and Count II (Breach of U.C.C. Implied Warranties). The Court DENIES Defendant's Motion to Dismiss Count III (Violation of MCPA).

**IT IS SO ORDERED.**


s/Paul D. Borman
**PAUL D. BORMAN**
**UNITED STATES DISTRICT JUDGE**

**Dated:  February 13, 2006**

## CERTIFICATE OF SERVICE

**Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 13, 2006.**


s/Jonie Parker
**Case Manager**